R. Scott Weide, Esq.
Nevada Bar No. 5541
*sweide@weidemiller.com*
Ryan Gile, Esq.
Nevada Bar No. 8807
*rgile@weidemiller.com*
Kendelee L. Works, Esq.
Nevada Bar No. 9611
*kworks@weidemiller.com*
**WEIDE & MILLER, LTD.**
7251 W. Lake Mead Blvd., Suite 530
Las Vegas, NV 89128-8373
Tel. (702) 382-4804
Fax (702) 382-4805

Attorneys for Order Inn, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ORDER INN, INC., a Nevada corporation, | **Case No.: 2:12-cv-1959** |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| ORDR.IN, INC., a Delaware corporation; DAVID BLOOM, an individual; and DOES 1 through 10, inclusive, | **JURY DEMAND** |
| Defendants. | |

Order Inn, Inc. a Nevada corporation ("Plaintiff"), alleges against Ordr.in, Inc., a Delaware corporation, and David Bloom, an individual (collectively herein, the "Defendants"), as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1121 (actions arising under the Federal Trademark Act) and 28 U.S.C. 1338(a) (acts of Congress relating to trademarks). This Court has jurisdiction over claims arising under state law in accordance with the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

2. This Court has personal jurisdiction over Defendant Ordr.in, Inc. because said Defendant a) does business and/or has engaged in the acts complained of herein in this Judicial

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-2619r2                                    1

1   District and/or b) has committed intentional acts, expressly aimed at Nevada, causing harm, the

2   brunt of which is suffered - and which said Defendant knows is likely to be suffered - in

3   Nevada.

4         3.     This Court has personal jurisdiction over Defendant David Bloom because said

5   Defendant a) does business and/or has engaged in the acts complained of herein in this Judicial

6   District, b) has committed intentional acts, expressly aimed at Nevada, causing harm, the brunt

7   of which is suffered - and which said Defendant knows is likely to be suffered - in Nevada,

8   and/or c) upon information and belief, directs, controls, ratifies, participates in, and is the

9   moving force behind the alleged infringing activities by Defendant Ordr.in, Inc. occurring in

10  this Judicial District.

11        4.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and

12  1391(c).

13                           **THE PARTIES**

14        5.     Plaintiff Order Inn, Inc. is a Nevada corporation with its principal place of

15  business in Las Vegas, Nevada.

16        6.     Upon information and belief, Defendant Ordr.in, Inc. is a Delaware corporation

17  having its principal place of business in Brooklyn, New York.

18        7.     Upon information and belief, Defendant David Bloom is a New York resident

19  and an owner, member, director, officer and/or manager of Defendant Ordr.in, Inc., and

20  personally directed, controlled, ratified, participated in, and/or authorized the infringing and

21  tortious activities described herein.  Unless otherwise specifically stated, any references to

22  David Bloom or Defendant David Bloom herein shall refer to Defendant David Bloom both in

23  his individual capacity as well as in his capacity as an owner, member, director, officer and/or

24  manager of Defendant Ordr.in, Inc.

25        8.     The true names and capacities of the defendants named herein as DOES 1

26  through 10 are other parties or entities who are not currently known to Plaintiff which are liable

27  to Plaintiff for the damages complained of herein.  Therefore Plaintiff sues said defendants,

28  whether individuals, corporations, or another type of entity by these fictitious names.  Plaintiff

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-2619r2                    2

1    will seek leave of this court to amend its complaint to include the actual names of said

2    defendants when their identities are determined during the course of this litigation.  Plaintiff

3    incorporates by reference herein all paragraphs of this complaint against said unknown

4    defendants.

5                                    **NATURE OF THE CASE**

6            9.      This is an action for registered trademark infringement and false designation of

7    origin under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. §1114(1) and

8    15 U.S.C. §1125(a)) with pendant state law claims for common law trademark infringement and

9    unfair competition.

10                            **ALLEGATIONS COMMON TO ALL CLAIMS**

11                              ***Plaintiff's Rights to ORDER INN***

12           10.     Plaintiff is the owner of the following U.S trademark registrations for the mark

13   ORDER INN (the "ORDER INN Mark") in connection with the described services:

14           •   U.S. Trademark Registration No. 3,194,903 for the mark ORDER INN in

15               connection with "On-line ordering services in the field of restaurant take-out and

16               delivery; on-line order fulfillment services for goods and services which hotel

17               guests, residents or businesses may wish to purchase; promoting the goods and

18               services of others by preparing and placing advertisements in menus placed in

19               hotels, residences or businesses; providing information in the field of on-line

20               restaurant ordering services" (in International Class 35) and "Restaurant services

21               provided in relation to restaurant ordering services" (in International Class 43)

22               registered by the U.S. Patent and Trademark Office on January 2, 2007; and

23           •   U.S. Trademark Registration No. 2,801,951 for the mark ORDER INN in

24               connection with "food delivery services provided to hotel guests, businesses" (in

25               Class 39) registered by the U.S. Patent and Trademark Office on January 6, 2004.

26           11.     Since at least as early as November 2000, Plaintiff (or its predecessors-in-

27   interest) has used the ORDER INN Mark in connection with providing online food/restaurant

28   menus and ordering information; providing food ordering, delivery, and catering services; and

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-2619r2                                          3

1    promoting the services of third party food providers though in-room menus as well as online

2    though its website <www.orderinn.com> (the "Order Inn Services" or "Plaintiff's Services").

3         12.    Plaintiff has spent considerable time, effort and money to advertise, promote, and

4    market the ORDER INN Mark in connection with Plaintiff's Services throughout the United

5    States, including through the development of strategic partnerships with over 9000 hotels

6    nationwide, including exclusive contracts with numerous nationwide hotel chains.

7         13.    By virtue of Plaintiff's extensive, continuous, and exclusive use of the ORDER

8    INN Mark in connection with Plaintiff's Services, Plaintiff's ORDER INN Mark has come to be

9    recognized and relied upon by consumers as identifying Plaintiff's Services and distinguishing

10   Plaintiff's Services from similar services offered by others.

11        14.    By virtue of Plaintiff's extensive, continuous, and exclusive use of the ORDER

12   INN Mark in connection with Plaintiff's Services, Plaintiff's ORDER INN Mark has become

13   distinctive and exclusively associated with Plaintiff's Services.

14        15.    By virtue of Plaintiff's extensive, continuous, and exclusive use of the ORDER

15   INN Mark in connection with Plaintiff's Services, Plaintiff has developed substantial goodwill

16   in the ORDER INN Mark throughout the United States and as a result, the ORDER INN Mark

17   has come to be associated exclusively with Plaintiff and the Order Inn Services.

18                          ***Defendants' Infringing Activities***

19        16.    Upon information and belief, Defendants, long after Plaintiff's registration of the

20   ORDER INN Mark in connection with the Order Inn Services, began using (and are still

21   continuing to use to the present day) the mark ORDR.IN (the "Infringing Mark") in connection

22   with online food ordering services and services relating to providing restaurant menus and

23   facilitating the order of food from restaurants, including a service designed to link customers

24   directly with restaurants to allow for such customers to order food from those restaurants which

25   Defendants promote, inter alia, as "virtual room service" to hotel chains as a means for their

26   hotel patrons to order food in a hotel that otherwise offers no room service (the "Infringing

27   Services").

28        17.    Upon information and belief, Defendants are promoting the Infringing Services

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-2619r2                                    4

1   using the Infringing Mark on Defendants' website <www.ordr.in> as well as other social media

2   accounts including Facebook, Twitter, and Tumblr.

3        18.      The Infringing Mark is identical in appearance to the ORDER INN Mark, and

4   thus likely to be confused with Plaintiff's own services marketed using the ORDER INN Mark.

5        19.      Upon information and belief, the nature of Defendants' Infringing Services is

6   identical and/or similar to the type of services offered by Plaintiff under the ORDER INN Mark.

7        20.      Upon information and belief, Defendants' Infringing Mark will be perceived as

8   the same as Plaintiff's ORDER INN Mark by consumers who are likely to believe that the

9   source and origin of the Infringing Services emanate from or are sponsored by or affiliated with

10   Plaintiff.

11        21.      Upon information and belief, Defendants, by using the Infringing Mark to

12   promote their Infringing Services, are attempting to trade on Plaintiff's business, reputation and

13   goodwill in its ORDER INN Mark.

14        22.      Upon information and belief, Defendants' choice of the Infringing Mark to

15   identify the Infringing Services was done willfully, intentionally, and deliberately with full

16   knowledge and willful disregard of Plaintiff's well-known and prior established rights in the

17   ORDER INN Mark with respect to Plaintiff's Services.

18        23.      Specifically, upon information and belief, Defendants (under the former

19   corporate name for Defendant Ordr.in, Inc., Naama Networks, Inc.) filed a trademark

20   registration application with the United States Patent and Trademark Office ("PTO") on January

21   4, 2011 (U.S. Trademark Application Serial No. 85/206,220), to federally register the Infringing

22   Mark, ORDR.IN, in connection with "Online food ordering service" with a claimed date of first

23   use of December 1, 2010.

24        24.      Upon information and belief, the PTO issued an Office Action on March 30,

25   2011, which refused registration of the Infringing Mark on the basis that it was confusingly

26   similar to Plaintiff's ORDER INN Mark (U.S. Trademark Registration No. 3,194,903) because

27   the marks are similar in sound and because the services are closely related.

28        25.      Upon information and belief, despite such actual knowledge of Plaintiff's

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-2619r2                                             5

ORDER INN Mark, Defendants continued to use the Infringing Mark in connection with the Infringing Services.

26.     Unless enjoined by this Court, Defendants' continued use of the Infringing Mark in connection with Defendants' Infringing Services is likely to cause consumers to be confused, mistaken, or deceived as to the affiliation, connection or association of Defendants' Infringing Services with Plaintiff and as to the origin, sponsorship, or approval of Defendants' Infringing Services by Plaintiff.

## **FIRST CLAIM FOR RELIEF**

### **(Federal Trademark Infringement Under 15 U.S.C. §1114)**

27.     Plaintiff hereby realleges and incorporates by reference the allegations of each of the paragraphs of this Complaint as if fully set forth herein.

28.     This is a claim for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

29.     Defendants' Infringing Mark is a colorable imitation of Plaintiff's federally registered ORDER INN Mark and Defendants' use of the Infringing Mark in connection with the advertising and promotion of the Infringing Services is without permission, authority or consent of the Plaintiff and said use is likely to cause confusion, to cause mistake and/or to deceive.

30.     Defendants' use of the Infringing Mark in connection with the advertising and promotion of the Infringing Services has been made willfully and deliberately notwithstanding Plaintiff's well-known and prior established rights in its federally registered ORDER INN Mark and with both actual and constructive notice of Plaintiff's federal registration rights under 15 U.S.C. §1072.

31.     Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and goodwill in its federally registered ORDER INN Mark for which Plaintiff has no adequate remedy at law.

///

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-2619r2                                         6

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin and Unfair Competition under 15 U.S.C. § 1125(a))

32.     Plaintiff hereby realleges and incorporates by reference the allegations of each of the paragraphs of this Complaint as if fully set forth herein.

33.     This is a claim for false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34.     Defendants' use of the Infringing Mark constitutes a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion and to cause mistake, and to deceive as to the affiliation, connection or association of Defendants with Plaintiff and as to the origin, sponsorship, or approval of Defendants' Infringing Services and commercial activities by Plaintiff.

35.     Upon information and belief, Defendants' selection and use of a mark that is confusingly similar to Plaintiff's ORDER INN Mark in connection with Defendants' Infringing Services was done willfully, intentionally, and deliberately with full knowledge and willful disregard of Plaintiff's well-known and prior established rights in the ORDER INN Mark.

36.     As a direct and proximate result of Defendants' false designation of origin and unfair competition, Plaintiff has suffered, and unless enjoined by this Court will continue to suffer, monetary loss and irreparable injury and other damage to Plaintiff's business, reputation and goodwill in Plaintiff's ORDER INN Mark for which Plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

37.     Plaintiff hereby realleges and incorporates by reference the allegations of each of the paragraphs of this Complaint as if fully set forth herein.

38.     This is a claim for trademark infringement and unfair competition arising under the common law of the State of Nevada.

39.     By virtue of having used and continuing to use the ORDER INN Mark in commerce, Plaintiff has acquired common law trademark rights in the ORDER INN Mark.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-2619r2                                    7

40.     Defendants' intentional use of a mark identical and/or confusingly similar to the ORDER INN Mark infringes upon Plaintiff's common law trademark rights in the ORDER INN Mark and is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendants' Infringing Services  originate from, or are affiliated with, or are endorsed by Plaintiff, when, in fact, they are not.

41.     By virtue of the acts complained of herein, Defendants have intentionally caused a likelihood of confusion among the public and have unfairly competed with Plaintiff in violation of the common law of the State of Nevada.

42.     Defendants' aforementioned acts have been of an intentional, willful and wanton nature, and have injured Plaintiff and damaged Plaintiff in an amount to be determined at trial.

43.     As a direct and proximate result of Defendants' common law trademark infringement and unfair competition, Plaintiff has suffered, and unless enjoined by this Court will continue to suffer, monetary loss and irreparable injury and other damage to Plaintiff's business, reputation and goodwill in the ORDER INN Mark for which Plaintiff has no adequate remedy at law.

44.     As a direct and proximate result of Defendants' common law trademark infringement and unfair competition, Plaintiffs have been forced to retain counsel to prosecute this claim and is entitled to recover its attorneys' fees and costs incurred herein.

///

///

///

///

///

///

///

///

///

///

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-2619r2                                             8

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants as follows:

A.      That the Court enter judgment in favor of Plaintiff and against the Defendants on all claims for relief alleged herein;

B.      That a preliminary and permanent injunction issue pursuant to Section 34 of the Lanham Act (15 U.S.C. §1116) enjoining and restraining the Defendants and their respective owners, parent companies, subsidiary companies, related companies, successors, assigns, officers, directors, agents, employees and attorneys, and all persons or entities in active concert, participation, or privity with any of them, from using, on or in connection with the manufacture, sale, importation, exportation, purchase, order, offer for sale, distribution, transmission, advertisement, display and promotion of any products or services, the ORDER INN Mark or other marks that are confusingly similar to the ORDER INN Mark, including but not limited to the Infringing Mark in connection with the Infringing Services as well as related goods and services;

C.      That Defendants be directed to file with this Court and serve on Plaintiff within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which the Defendants have complied with the injunction pursuant to 15 U.S.C. §1116;

D.      That Defendants be required to account to Plaintiff for any and all profits derived by Defendants and all damages sustained by Plaintiff by virtue of the actions of the Defendants complained of herein;

E.      That Defendants be ordered to pay over to Plaintiff any and all profits derived by Defendants and all damages which Plaintiff has sustained as a consequence of the actions of the Defendants complained of herein pursuant to 15 U.S.C. §1117, subject to proof at trial;

F.      That the damages resulting from the actions of the Defendants complained of herein be trebled pursuant to 15 U.S.C. §1117 and awarded to Plaintiff;

G.      That an award of interest, costs, and attorneys' fees incurred by Plaintiff in prosecuting this action be awarded to Plaintiff; and

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-2619r2                                    9

H.      That Plaintiff be awarded all other relief to which Plaintiff is entitled and such other and further relief as this Court may deem just.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury on all issues raised in the Complaint which are triable by a jury.

DATED this 13th day of November, 2012.

Respectfully Submitted,

**WEIDE & MILLER, LTD.**

*/s/ Ryan Gile*
R. Scott Weide, Esq.
Ryan Gile, Esq.
Kendelee L. Works, Esq.
7251 W. Lake Mead Blvd., Suite 530
Las Vegas, NV  89128
Attorneys for Plaintiff Order Inn, Inc.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-2619r2                                10